Good morning ladies and gentlemen. Our first case of the morning is September 17, 2014 is 117050, Carolyn Bettis v. Charles M. Marsaglia. Are you ready to proceed? You may proceed. Good morning. First I'd like to thank you for accepting our petition for review. Second, I'd like to compliment you on a very beautiful building. Thank you. We're thrilled. I'm going to try to address four issues in my time period allotted. The first is going to be what is the purpose of the statute involved? Would you identify yourselves? I'm sorry. Vince Marath, attorney for Affluent, Ms. Bettis. Proceed. Thank you. Excuse me. I'm going to try to address four issues in the time allotted to me. The first issue is going to be what is the purpose of the statute 10 ILCS 5-10-10-1, which states that when an individual is wanting to take a review of the electoral board's decision, he has to file a petition for judicial review with the circuit court. The statute also provides that it's supposed to serve notice of the petition for judicial review on the electoral board and other parties. Electoral board is referenced as a small e, small b in the statute. It's supposed to file within 10 days proof of service by registered or certified mail with the clerk of the court that they have served the petition for interested parties. And then the court is to set this for a review. First, the purpose of that statute is to let the reason you have to let the electoral board know that you're filing a petition for judicial review, because the electoral board is the body that is assigned a task of preparing a record to give it to the trial court. So the trial court will review what happened in front of the electoral board. That's the purpose of that statute. In this case, Ms. Bettis served each and every member of the electoral board by registered mail. She filed proof of service in a timely manner. She served them in a timely manner. She gave them a copy of the petition for judicial review, which clearly set forth that she was seeking review of the decision of the What Ms. Bettis did not do is she did not, quote unquote, serve the electoral board as a body. She read the statute. The statute says e, electoral board, small letter e, small letter b, and other parties. The electoral board always consists of more than one person, obviously. And so the other parties would include all the parties of the electoral board and anybody else that was a necessary party or had significant interest in this case. And she served everybody. She served the electoral board, the superintendent of the school district, the secretary of the electoral board, the secretary of the school district, and the objectors. She served every person who could possibly be served in this case. Counsel, do you agree that this is moot, this question is moot? It was moot because the hearing, the date for the hearing, not hearing, but the date for the election is well past. It was in 2013. The appellate court, we asked that this case be taken as an issue of general interest because this is a reoccurring problem. How this statute is being interpreted by the southern courts and the northern courts, it's different. The southern courts, the 5th District and the 3rd District and the 2nd District have held, if you serve each member of the electoral board, that's good enough. So you're not asking, in light of it being moot and you just saying that it's moot here, you're not asking for any particular relief, just a declaration that the appellate court was wrong? Well, I'm afraid to answer that question specifically because I really don't know the answer. If I agreed that this was moot, would it then mean that the school district can go issue the working cash bonds and it doesn't have to go on the ballot? And that the decision of the electoral board stands? I'm not entirely sure I know the answer to that question. Well, do you have an answer to the question of what relief you're requesting? Yes, I do. I would ask that this court rule that when Ms. Bettis served the members of the electoral board, she did the proper thing pursuant to 1010-15. That she served them individually and that's sufficient to give them notice that she's petitioning her decision to the trial court. And if that ruling stands, then this issue goes away. And I think it should go away. If not, I think there's a possibility that they could petition for the court to rule that the electoral board's decision stands and they can turn around and issue the bonds. Because the question has not been certified to go on the ballot because the electoral board said it can't go on the ballot. Are you following me on that one? That's my concern. If we win, I guess it goes back to the trial court and the trial court reviews the decision of the electoral board. If we lose, then I guess the decision of the electoral board stands and the school board can issue the working cash bonds without having to worry about the issue going in front of the voters. Okay. So as I've indicated, the purpose of 1010 is to appraise the electoral board that they have a duty. They have to prepare the record and give it to the trial court. And that was done in this case. The specificity was done partially. As indicated in the brief submitted by the appellants in the course district, they indicated that in their brief, page 5, that they had received notice, they knew what the electoral board had to do, the attorneys for the electoral board prepared the record and appeared in court. On February 7th. But they held that because the electoral board and its members were not named as parties. Remember, just the electoral board members were served, not the quote-unquote board as an entity. Because they were not served, counsel sat in court, had the record, gave it to the opposing counsel, gave it to me, didn't give it to the judge, and then made a motion that the court be disqualified because Ms. Bettis did not serve the quote-unquote electoral board with notice. Although each member of the board was served, the secretary of the board was served, everybody was served, but not this entity as a legal entity. Mr. Morris, if serving the members of the electoral board was sufficient, wouldn't the legislature have stated, must serve a copy of the petition upon the members of the electoral board? That's the converse argument that they did in the 5th district. The 5th district said if they wanted to serve the electoral board as a legal entity, the legislature should have said that, but they didn't. And that's where the 5th district felt, when you serve each member of the board, that's sufficient. And in this case here, this board doesn't have an address. They get together whenever they're needed, and they threw a couple chairs in the library at the school, and they have no phone number, they have no address, they have no P.O. box, they have nothing. So you're saying that it was an impossibility for her to serve the board? I don't know where you would mail it to. They have no mailing address. She served the secretary of the board, the superintendent of the school district, each and every board member on the electoral board, and the electoral board was made up entirely of the members of the school board also. She served the superintendent, the clerk. She served everybody that could be served, except the fictional legal entity called the electoral board. And the reason I say that, the small letter E, small letter B, it wasn't referenced in the statute as a legal entity. It was utilized as a common noun, not as a proper noun. If you say school board, capital S, capital B, that's a legal entity. Well, Mr. Counsel, isn't there a reference to the educational or education officer's electoral board? That's what I recall in the election code. No, it isn't, Judge. No, it says the electoral board, small letter E, small letter B, period. In 1010, that's specifically the way it's referenced. And I pointed that out in my brief. I said that when you read this, it looks as though the electoral board and other parties, they used the word parties in plural. So you know the electoral board consists of more than one person. And the other parties, maybe, could be parties and she served everybody. But she didn't serve this, quote, unquote, electoral board. She didn't name them in the caption, but that's not required by the statute. In fact, the electoral board doesn't even have to file an answer. They don't have to do a thing. The only thing they really have to do is file their record with the trial court so the trial judge knows what review they did, what actions they took. That's all they have to do. They don't have to be named in the caption. They don't have to file an answer. They don't have to be served with a summons. Nothing. They just have to receive notice. Is this a question of statutory interpretation? And if it is, an argument has been made, I believe, that this is plain language. Are you saying the statute is ambiguous? And if so, why? Well, I say the statute says when you serve the electoral board, that means you serve the members of the board. That's the way I interpret that. That's the way the 5th District has interpreted it. The 2nd District has interpreted it. And I cited them all in my brief. I wasn't going to get into that because I was told not to review the actions that are already set forth in the brief. That's the reason this case is here. The 4th District said, yes, there's cases in Langstein and Zach versus Dodd, which are cited in my brief, you do not have to serve the electoral board. Service on the members is fine. Perfect. That's all you need to do. Perhaps that's how the cases have interpreted the statute. But I'm back to ask you about the statute. The statute has the plain language of service on the election board. Electoral board and other parties. That's the exact wording. So is that plain language? Or are you saying that's ambiguous? And if so, why? I think it can be ambiguous if it's interpreted to mean that you have to serve the electoral board as a legal entity. And it's not ambiguous if you say, when you say electoral board and other parties and you serve every member of the electoral board, you've complied with the statute requirement. You've given them notice. In this case, they got notice. The other side had notice. The other side prepared a record.  They knew what they were supposed to do. The only reason this case is here. You're also arguing that it wasn't possible to serve the board. I don't know where their address is. They don't have an address. They don't have an office. They don't have a desk. They don't have a phone. Is it the clerk who receives filings on behalf of the board? There is no clerk. The superintendent of the school district was listed as the person who Ms. Bettis was supposed to file her petitions for review to get it on the ballot. And that's what she did. It doesn't say anything else in the statute, 1010. It doesn't say what you're supposed to do. It says you're supposed to serve notice of your petition for review on the electoral board and other parties. So you're saying the entire statute is ambiguous because it doesn't identify an address for the entity of the election board. If you look at the cases, some cases say when you have an electoral board that's part of a city, municipal body, they actually have an address and you can serve it. In some parts of southern Illinois, they don't. In the 5th District case in Langenstein, they didn't have an address. They said, we don't know where to serve it. And the appellate court said it would be useless to serve a county clerk with something that he doesn't really know anything about because he's not part of the electoral board. And it's not covered under the Administrative Review Act because 1010 doesn't ask that this be saved. This is to be governed under the Administrative Review Act. The way it's written is that you serve the electoral board. That's what Ms. Bevis did. She served every member of the board. If she would have just served the, quote unquote, electoral board as an entity, I don't know if she would have managed it. This was a school that they cleaned out the library and put some tables and chairs in it. We sat down and they had an electoral board hearing. That was it. Oftentimes when we are faced with challenges to notice provisions or service provisions, the question is whether the statute requires strict compliance or whether substantial compliance is sufficient. Are you saying that that really shouldn't be the focus of the court's analysis? Or are you saying in any case that it's an impossibility to serve the electoral board? Not in every case. Not in every case. In some cases where they actually have an office, like in Cook County, they have legal entities that exist there for school districts, park districts, all kinds of things. They have offices. We don't in some parts of Southern Illinois. They don't use the electoral board maybe never, maybe once in 10 years. They're not a sitting entity. So it's different. So if the purpose of the statute is to get notice out to the electoral board that you're petitioning their decisions so they can get the record to the court, that was done here. They actually prepared it. They actually did what they were supposed to do. They prepared the record. They just don't want the court to consider it because, quote, unquote, Ms. Fettus did not name the electoral board as a legal entity. Although everybody in the world was served, they couldn't be served. And the statute did not say serve the electoral board, capital E, capital B. They used it as a common noun, not a proper noun. Any more questions? Okay, the next issue I'm going to address. Before you get into the next issue, Mr. Morse, or any of the other three issues I think you said you have, you didn't file a reply brief, right, to respond to defendants' cross-appeal issues? No, I didn't. And these are, I mean, these other issues are all cross-appeal issues. Right. The reason we're here is that was an issue presented in the 4th District Appellate Court, and the 4th District Appellate Court just ruled only on one issue, what the service on the electoral board. Yeah, and I understand that the cross-appeal issues, for example, the attachment is an alternative basis that opposing counsel is asserting. But my question is specifically with the reply brief. I mean, don't you think it's your responsibility to brief all the issues so the court can take a look at your position before you come in and argue? Have you waived the right to argue here? Apparently you're not conceding that defendants are correct on the cross-appeal issue. No, they're not correct. We didn't get a chance to make the record at the electoral board hearing. We were precluded from doing that with any testimony. So as such, I didn't feel I could argue without having a complete record because the record doesn't reflect Mrs. Bennett's arguments that she wanted to present at the electoral board. She was cut off at that. Right, but you certainly had a right in a reply brief to respond to the cross-appeal issues raised in the appellee's brief, right? I didn't think that was appropriate. I didn't do it at the appellate court. The appellate court had filed a motion to strike those issues, and the appellate court never even addressed them in the 4th District. They considered one thing and one thing only. What does service on the electoral board and other parties mean? That's the only thing they considered. So I felt if they didn't consider it there, I wasn't going to consider it here. I'm sorry if I did that wrong, but that was my presumption, that we have to get past that hurdle before we can get to the next hurdle. Okay, you can proceed. I was just curious. Well, I was going to address the issue of cases, and I provided those in my brief. But suffice it to say that the 4th District, when it was considering the decisions in support of their position, my position is that they misread Zach v. Ock. Zach v. Ock held that you don't have to serve the electoral board as an entity, and you don't have to name them in the caption. And that's what it tells. But you have to have strict compliance with the statute, and that means you have to serve all the members of the electoral board and all interested parties. And that's what Ms. Bettis did. But they held that Zach v. Ock requires strict compliance, and that means strict compliance if you take the decisions in the 1st District that require strict compliance by serving the, quote-unquote, electoral board as an entity. That's the reason they held Zach v. Ock supports the 4th District position that Ms. Bettis did not comply with the statute and strict compliance. If you take the decisions in the 5th District, 3rd District, and Will County, they all say Ms. Bettis did exactly what the statute said. So if the substance of the form is to make any sense, if you serve all the members of the board, that suffices throughout the state of Illinois. Southern Illinois is Northern Illinois. If you serve every member of the board, they got notice of what's going on. They don't have to file an answer. They don't have to be named in the cap. They just have to be told what's going on. And that's what we did here. And that's why they prepared the record on appeal. They sent me a copy of the record for the court to review, but they just didn't give it to the court because they wanted to see what the judge would do with the objections that the electoral board was not named, quote-unquote, as a legal entity. And the judge ruled that they had to be named a legal entity. So it's 2-2. Thank you. Mr. Rickert. May it please the court. My name is Steve Richard, and I represent the electoral board members. The electoral board members are seeking finality in this case. The electoral board's decision was in January 2013, and this litigation is delaying the issuance of school bonds until it is over. I'd like to address a few of the points discussed during Mr. Moreff's time. First, there was some discussion of the fact that we prepared, the electoral board did prepare a record. And I appeared in the trial court, did not file an appearance, but was present as a visitor that day in court. Before the trial court's hearing, the objectors and the objector's attorney filed a motion to dismiss for lack of jurisdiction for failure to name the electoral board as a party. And true enough, the electoral board was not named as a party on the circuit court's docket and had I wanted to file the record in court, we would have had to file a motion to intervene technically. So that is why it was not filed prior to that date, but we did show up in court and the court granted the motion to dismiss for lack of jurisdiction. We believe correctly. I also want to address, Mr. Moreff was saying that there's no mailing address of the electoral board and that is not true. The electoral board's meeting place is dictated by section 10-10 of the election code. And in this case, the meeting place was the school board's regular meeting place by statute. That is 525 North 3rd Street in Girard and it's really not subject to dispute. So the lack of a mailing address is really not a reason here. There is a business address for electoral boards. It's dictated by statutes and Nelson, the Nelson case out of the First District, explicitly acknowledged that and rejected the notion that... Yeah, cases, Mr. Richard, cases such as Nelson and Rivera state that 10-10.1A requires both service on the board and all individual board members. Can you point to the statutory language that clearly provides this? Well, the other parties to the proceeding needs to be construed by the courts. And in CINCAS, the Supreme Court noted that administrative review law provides the standard procedure for review of electoral board decisions. And in administrative review law, it is elementary and fundamental that all of the members of the agency are parties to the final order of the agency that is to be reviewed. Section 10-10, let me just call it that, requires service on the electoral board. And Section 10-9.5 then defines what the electoral board is, right? And the electoral board, by definition, is the presiding officer of the school district board, the secretary of the school district board, and the longest serving member of the board, right? Why can't we simply substitute those defined terms into Section 10-10.1A, where it uses the term board, and conclude that that section requires service on those three individuals? Because the electoral board is a separate legal entity. It is called the education officer's electoral board, or at least at the time these proceedings took place, it was so-called. Of course, now school district electoral boards no longer exist. But the electoral board, as a corporate entity, is what is referred to as serving the electoral board and other parties to the proceeding. The fact is, as Mr. Morath noted, notice the purpose of the service is to get the record before the trial court. And it's not the president or the secretary or the third member of the electoral board that have a duty to prepare the record. It is the electoral board as a corporate entity that has a duty to prepare and file that record. That's interesting, though. It's not a permanent entity, right? Like the State Board of Elections is a permanent entity. These boards are formed temporarily to solve disputes, and the statute spells out who's going to serve on the board, right? Correct. And if there are two reasonable interpretations, yours that other parties is the electoral board members and the electoral board is an entity, and if it's a reasonable interpretation to say they define what the electoral board is, make up of the electoral board, and serving the people is serving the board, why wouldn't this court err on the side of ballot access? Well, ballot access and the policy in favor of allowing access to the ballot has been applied by this court and by the appellate courts to cases involving candidates seeking to get onto the ballot, but it has never been applied to petitions seeking backdoor referenda. And the policies are different. And so that would be breaking new ground on the part of this court. Mr. Richard, let me ask you this. The election code sets forth the basics for judicial review, and doesn't it say in the election code that you use any specific statute that might apply to the subject matter, but if there is none, then the fallback is the general administrative review law. Is that correct? That's how I'm reading it. That is, okay. Because you made reference to administrative review. Yes. I mean, there is a separate act, a separate statute that's called by, in the language of the statute, administrative review law. Correct. And is that not applicable here? It is applicable according to CINCAS and according to... Okay. Well, then my next question is why doesn't that statute answer this whole question? In sections 3-106 on appearance of defendants and 3-105 on service of summons, that says service on the director or agency head in his or her official capacity shall be deemed service on the administrative agency, board, and all the other kinds of entities. Same thing on... And it goes on to say there's no basis to dismiss for failure to serve if you serve and name individuals. Now, was the chairman of the board, the electoral board, served? Not in his official capacity. Now, my question is, was he served or she? At his home address. Okay. And how was the person referenced in the pleading? Simply by their name, nothing more. Their name and their home address. And no reference to their position on the board? None. All right. Mr. Gregg. If I may, electoral board proceedings are also extremely expedited. I'm sorry. The judicial review actions need to be filed and decided within a matter of days in order to get the decision before the ballots are printed. Following up on Justice Kilbride's question, though, aren't you elevating form over substance? I mean, they all were served. Everybody had notice. And you mentioned something about the caption. Well, where in 10-1 do you rely on your support for the board and its members must be named in the caption? There's nothing in that provision addressing the caption. My two questions, form over substance and caption. As far as form over substance is concerned, the only procedural requirement under the election code that recognizes the corporate legal entity and joins it as a party in the proceedings is that provision that requires service on the electoral board and other parties to the proceeding. In this case, the electoral board members were served at their home address without any identification of their roles. And if that is sufficient, it would allow petitioners to entirely disregard an electoral board's corporate existence. The electoral board as an entity, again, must prepare and file the record, not the individual members. And joining the electoral board brings the record into the proceedings. Because the electoral board wasn't served and joined here, it couldn't file the record without, would have had to file a motion to intervene, to participate. It's elementary. Because they were served at home, they didn't know that this was an electoral case? There was certainly knowledge that this was an electoral board case. I'm not going to say there wasn't. No question about that. The fact, though, is that any complaint identifies parties. That's just one of the elementary basic aspects of a complaint. And there's a difference between notice that a lawsuit has been filed and notice that a party is actually joined as a defendant and must appear and defend in that lawsuit. So that was the first issue, form over substance. Can you remind me of the second issue? Maybe a record question. Did these individual members of the board appear in this case as defendants? Did they appear? Interestingly, not in the trial court, in the appellate court. And Mr. Morath did name the electoral board in the appellate court, and we filed an appearance in the appellate court on behalf of the electoral board members. So you represent the board? Who do you represent? I represent both the board and the individual members, but the individual members here, because the electoral board itself was not joined in the trial court. But your brief does identify yourself as the attorney for the chairperson, the electoral board chairperson? Yes. And secretary and board member Farley Cole. Correct. So the three board members. The three electoral board members. In their electoral board status. In their official capacity as electoral board members. I'd like to move back. What was the second? Caption. Caption. I'm not arguing here that it's necessary to have a caption be a certain way. But every complaint that I've ever seen has a description of the parties. And there was none in this case, other than the caption, which in this case did not include the electoral board or its members. But the body of the information did. No, the body of the complaint didn't even include the legal name of the board, didn't include its membership. But describe their actions? Well, yes, it described the actions. Counsel, since we're on cross-appeal issues, right, that was a cross-appeal issue, right? Naming? Yes, the naming. I'm interested specifically in the issue of whether or not the board's decision was attached and that the petitions were not numbered, right? That's another cross-appeal issue, right? And it's an alternative basis for this court to affirm, right? Did the appellate court specifically address that? No. Okay. They did address the caption, right, and ruled against you on that. They did. And that's the cross-appeal issue. Okay. So on this other issue, is there enough in the record for this court to glean that and grant the relief on that alternative basis? Yes. And let me correct something I just said. The failure to attach the written decision, I believe the appellate court did reject that argument. But in terms of the numbering, the pagination of the underlying petition pages, the appellate court did not reach that issue. And that issue clearly bars any relief for the petitioner in this case and provides an alternative basis for this court to affirm the election. Either one of those. Either the not attaching, which they did address, or the pagination, which they didn't. But there's enough in the record for us to see that it isn't paginated correctly. Correct. Yes. And as for the attaching issue, it would be impossible for a court to, it's, again, elementary that a complaint founded on an instrument attaches that instrument. In expedited electoral board proceedings, the idea that you could obtain review of an electoral board's decision without attaching it, or at least reciting the relevant portions, is contrary to just standard civil procedure. And we believe that that would. Should we let Mr. Morris disagree with you when he gets back up here? I have not researched the issue of a failure to file a reply brief, but certainly that is, I would think one way that you could deal with the fact that no reply brief concerning the electoral board members' issues was ever filed. That's being pretty nice to you, Mr. Morris, isn't he? All right. And maybe I could turn to the mootness issue as well. For mootness, there can be no dispute that the case is moot because the election passed. And the public interest doctrine, I know it is discretionary. Its use in this case is delaying school bonds, would be based on an incomplete record, and the appellant did not expedite. Based on those factors, the court can and should decline to invoke the public interest doctrine and may dismiss the case on mootness alone. Even if the public interest doctrine is used, however, the court may at least explicitly acknowledge that there is no longer any relief available to the petitioner in order that, upon remand, the case be dismissed for mootness. Again, the appellant failed to file a written reply to this mootness argument, and the electoral boards pray that the court grant finality in this case. We asked Mr. Morris, and I want to ask you as well. So if we disagreed with all of your, the way you framed all the issues and agree with Mr. Morris, what happens to this case? It should be that upon remand, we would have the opportunity to file a motion to dismiss in the trial court for mootness, and it should be granted because, again, the election code says very specifically that a petition seeking a referendum is valid for the election identified in that petition and no other election. This court has acknowledged that in circumstances similar to this case, as in Jackson, there is no further relief available after an election has passed. So it seems to me that the trial court ought to then be able to dismiss for mootness, the problem being that then there could be a whole other train of appeals. So going back to the issue of the petition pages not being numbered, the election code, Section 28-3, requires numbering consecutively, and each of the Illinois Appellate Court decisions from all of the districts that have been reported have acknowledged that the petition pages have acknowledged that that requirement is mandatory and not directory. As a mandatory requirement, it's clear under the cases that failure to address the requirement or otherwise obtain substantial compliance invalidates a petition, and there's really no way out from that argument in this case because the complaint filed by the petitioner acknowledges specifically that the pages, 100 of them, were unnumbered at all. So that provides a clear, separate and independent basis to affirm the decision of the Electoral Board, which in these actions is the decision under review before this court, in addition to the trial courts, and appellate courts. In sum, the Electoral Board members ask this court to affirm and bring finality to this litigation. Thank you. Thank you. Please, your court. I'm going to address just a couple issues referenced by Mr. Richards. The issue of mootness. I filed a brief response to that in the appellate court on the issue of mootness, and the appellate court apparently accepted that. In summation, my brief said, if a private citizen wants to challenge the decision of the Electoral Board and files a petition for judicial review in the trial court, and the trial court dismisses that petition, as it did in this case, then the only right she has is to appeal to the appellate court. And that's what happened in this case. And as a result, the election date passed. So by Ms. Bettis exercising her rights to file appeals, she is being penalized if you say that the issue is moot, because if the issue is moot, then she loses for doing what she had a legal right to do, was file the briefs. And I don't think that's the way it was designed to work. Now, the other option I see is, oh, okay, I think it's not moot. I think it can go back to the trial court, and the trial court can then review the decisions of the Electoral Board and rule whether or not they were correct and whether or not they were procedurally correct as well as substantively correct and legally correct. And if he does rule, then he can say, I'm going to request that this Ms. Bettis petition is denied. And then that's the end of it, and he can direct that the bonds be issued. And then they get their bonds issued. Or he can say, I agree with Ms. Bettis, the Electoral Board was wrong, and remand it back to the Electoral Board to consider the evidence that she wanted to present. This opens another can of worms, so to speak, because at the Electoral Board, Ms. Bettis wanted subpoenas issued. She was denied to write that subpoena issue for witnesses that she wanted to call. And that means she couldn't make a record. And there are cases... On the mootness, and that she was between a rock and a hard place, I mean, there wasn't any motion to expedite anywhere along the line here, though, right? They made a motion to expedite, and I agreed to it, and I got my dates wrong, and I filed my brief in Standard, I missed the date, but that's the only delay that was caused by us. And there was no... We didn't make any motions for continuances in the trial court at all. On that issue, why is that alternative basis specifically the not attaching the decision of the board? Why isn't that dispositive? That's not even close to being dispositive, because it's the board's responsibility under the statute to prepare the record and give it to the trial court. That's the reason they get noticed. That's what the statute says. After the electoral board gets notice of the position for judicial review, the electoral board is supposed to prepare the record and give it to the trial court. That's their only function. They don't have to be named in a caption. They don't have to be even named at the party. They don't have to be service or summons. They don't have to do anything except serve the record on the trial court. That's their only function. If they want to hire lawyers, they can, but they don't have to. They don't even have to appear. They only have to be served with notice of the copy of the petition. My petition for judicial review specifically makes these arguments. It says we are appealing the decision of the electoral board. Here's why we're appealing the decision of the electoral board. This is what they did that was wrong. We submitted all that. We even submitted cases in support of our position, and it was all submitted to the electoral board members. In electoral board cases, then, you're saying that they're an exception to 2-606 of the Code of Civil Procedure? 1010 just says they don't have to do anything at all. If 1010 specifically says they don't even have to be named at the party, they don't have to file an answer, they don't have to do anything. All they have to do is file that record. That's their function, and then the court would review their decision. At the time that your client came forward, there was a written decision in this matter, right? It could have been a test. That's correct, and I also prepared the record and had that ordered up also of all the proceedings from the electoral board, and that was all prepared, too. But the statute says it's the electoral board's responsibility to do that. Like I said, they don't even have to file an answer. I never heard of a statute that says a party to a proceeding doesn't have to file an answer, and they don't even have to be a party to a proceeding, but you better name them. That doesn't really make any sense. If they don't have to file an answer, they can't be very important if their only function is to file the copy of the record. That's what the statute says. And the electoral board is not a corporate entity. I don't know where they got a corporate charter or anything along those lines. They were referenced as a corporate entity. I don't know where their corporate entity exists. And the issue of numbering of pages. There are cases out of the 4th District here that hold that numbering of pages is not required specifically. It's like a direction, but it doesn't have to be filed 100%. And there's other cases out of 1st District that hold the same thing. There's other cases out of the Cook County Electoral Board's decisions that hold the same thing. We were precluded from presenting that evidence to the electoral board. We weren't allowed to present that. I think you just refined your statement there. Are there cases out of the appellate court or from this court that hold that? Yes. Not the Supreme Court, but the Supreme Court's never really specifically addressed that per se issue, but it's been addressed by the appellate courts, and it's a difference of opinion on that issue, too. But to say that there's never been an appellate court that's ruled that way, that's not correct. And to say that the electoral board has an address, they met at the school. We served the secretary of the school. We served the superintendent of the school. We served every member of the electoral board. We served the secretary of the electoral board. We served the objectors. We served the attorneys, but we didn't serve, quote-unquote, the electoral board. And as the court in Zack versus Ott held, it isn't necessary that you serve the, quote-unquote, board. You don't have to. The statute didn't say you should. And we did what the statute said. I think the statute, although I couldn't find the legislative history, I think the statute was written so that if a private individual wants to challenge this, this is what the private individual has to do. And that was specifically spelled out in the pamphlet that the electoral board handed out to all the people that were at the hearing that were objectors, that Mrs. Bettis, including her, that said, this is what you want to do, Mrs. Bettis, if you want to challenge the decision of the electoral board. It doesn't say serve the electoral board, capital E, capital B. It doesn't say serve its members. It just says serve the electoral board and other parties. And that's what she did. She served the electoral board and other parties. She did exactly what the statute would tell any layperson to do. And that's the reason we're here. And with regards to mootness, I don't think it's entirely moot. I think there's an opportunity that if it goes back to the trial court and the trial court rules that, yes, Mrs. Bettis, you were deprived due process, yes, Mrs. Bettis, the issue of numbering, because there's a whole issue about whether they were clipped or not clipped. And when they came in, the statute says, they're supposed to be filed, then numbered. That's what the statute says about numbers. Filed, then numbered. They were filed with the appropriate legal authority, and then they were counted. She was given a receipt, and the exact number of petitions was set forth in the receipt. That's the reason I didn't put that in my record, because there's a whole other can of worms about that issue. But they were counted. Everybody knew what they were. Everybody knew how many petitions were there. There was no opportunity for chicanery to falsify the petitions. They were secured by the school board. I mean, we wanted to prove all that stuff. We couldn't, because they cut us off. And what effect does the fact that the election's been held have on your argument? I think the trial court can then say, okay, obviously the election date is passed, but if Ms. Bettis loses, it can direct the school board to issue the bonds, because all they're waiting for is an order from the court so the people that write the opinions on bonds would be able to hang their hat on that and issue the bonds. If they ruin our favor, then you go back to square one again, and you start all over with regards to putting in a ballot if the school board wants to do that and giving people an opportunity to object. So there is a remedy. Okay, thank you. Thank you. Case number 117050, Carolyn Bettis v. Charles M. Marceglia, is taken under advisement as agenda number 17. Mr. Morath and Mr. Richard, thank you for your arguments today. You're both excused at this time.